# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| SCOUTERRIOUS LOFTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN STANLEY WILLIAMS; | ) | Case No. CV415-146 |
| CAPTAIN BYNUM; TRACY | ) | |
| MCINTYRE; LISA FOUNTAIN; | ) | |
| and CERT OFFICER SANTIAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

After preliminarily reviewing plaintiff Scourterrious Lofton's 42 U.S.C. § 1983 Complaint, the Court allowed two of his claims to proceed as pled, recommended dismissing three defendants[1] and two claims,[2] and granted leave to amend religious discrimination (equal protection), cruel and unusual punishment, and bodily privacy claims. Doc. 7 at 14-15. Lofton has since filed a motion for leave to amend his Complaint that

---

[1] The Complaint contained no allegations involving Captain Bynum and Lisa Fountain, and failed to state a claim against Tracy McIntyre. *See* doc. 7 at 15.

[2] Lofton's medical deprivation and property destruction claims fail as a matter of law. Hence, leave to amend would have been futile. *See* doc. 7 at 10, 14.

contains additional facts related to his religious discrimination and bodily privacy claims against CERT Officer Santiago. Doc. 9.

### A.  Religious Discrimination

The Complaint alleges that Santiago "strip-searched him and confiscated his property in part because he is a Muslim. *See, e.g.*, doc. 1 at 6." Doc. 7 at 7. Nothing suggested that Santiago treated other prisoners differently, however. Hence, the Court ordered plaintiff to amend the claim to include allegations of differential treatment or else face a dismissal recommendation. *Id.* at 8.

Lofton's motion does that. He claims "that there were several other inmates . . . which were transferred to Smith State Prison that day . . . and *none* of them were subjected to the same treatment." Doc. 9 at 2 (emphasis in original). "[A]t least three of them were in possession of a Bible, and . . . Santiago did not subject them to the same treatment that Lofton was subjected to." *Id.* Those factual (not conclusory) allegations remedy the claim's previous deficiencies and, therefore, enable it to proceed.

2

### B. Bodily Privacy

Lofton's bodily privacy claim -- that Officer Santiago "forced him to strip naked, submit to a degrading search, and remain naked while Santiago rifled through his possessions," doc. 7 at 11 -- originally failed to state a claim because it lacked allegations that Santiago was a member of the opposite sex, and that the "search . . . contained the necessary sexual undertones." *Id.* (citing *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006). Now, Lofton alleges that Santiago had a second person, Officer Lowe, a female, present during the search. *See* doc. 9 at 1. Santiago, Lofton says, knew he was a Muslim and that standing naked before a woman would be sexually degrading and violate his religious beliefs. *Id.* at 2. That's enough to state a *Boxer-X* bodily privacy claim and survive preliminary review.

### C. Conclusion

To summarize: the Court **GRANTS** Lofton's motion to amend (doc. 9) and greenlights his religious discrimination and bodily privacy claims against Santiago. Because he included no allegations to bolster his cruel and unusual punishment claim, however, it should be dismissed. The Court continues to recommend dismissal of Lofton's

3

medical deprivation and destruction of property claims, as well as defendants Bynum, Fountain, and McIntyre. *See* doc. 7.

**SO REPORTED AND RECOMMENDED**, this  3rd  day of March, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA